IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HEVARD GUTIERREZ,

    Petitioner,               No. 2:09-cv-0329 GEB KJN P

    vs.

D.K. SISTO, Warden,

    Respondent.          FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

        Petitioner is a state prisoner proceeding without counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his first three claims, petitioner alleges that his federal constitutional right to due process was violated by a 2006 decision of the California Board of Parole Hearings (hereafter "the Board") to deny him a parole date.[1]  In addition, petitioner asserts the parole hearing was untimely held.

II. Standards for a Writ of Habeas Corpus

        A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of

---

[1] Petitioner also claims that the decision violated his rights under the state constitution. That claim is not cognizable in this action as federal habeas corpus relief is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985)

1

some transgression of federal law binding on the state courts.  See Peltier v. Wright, 15 F.3d 860, 861 (9th Cir. 1994); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citation omitted). A federal writ is not available for alleged error in the interpretation or application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000); Middleton, 768 F.2d at 1085.  Habeas corpus cannot be used to try state issues de novo.  Milton v. Wainwright, 407 U.S. 371, 377 (1972).

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  See Lindh v.Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003).  Section 2254(d) sets forth the following standards for granting habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  See also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v. Taylor, 529 U.S. 362 (2000); Lockhart v. Terhune, 250 F.3d 1223, 1229 (9th Cir. 2001).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result.  Early v. Packer, 537 U.S. 3, 7 (2002) (citation omitted).

Under the  "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle

from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Williams, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'")

The court looks to the last reasoned state court decision as the basis for the state court judgment. Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). Where the state court reaches a decision on the merits, but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d). Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000) ("Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable."); accord Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002). When it is clear that a state court has not reached the merits of a petitioner's claim, or has denied the claim on procedural grounds, the AEDPA's deferential standard does not apply and a federal habeas court must review the claim de novo. Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003); Pirtle, 313 F.3d at 1167.

III.  Petitioner's Claims

    A.  Due Process

Petitioner claims that his federal constitutional right to due process was violated by a 2006 decision of the Board to deny him a parole date.

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest

1  protected by the Due Process Clause and then show that the procedures attendant upon the
2  deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson,
3  490 U.S. 454, 459-60 (1989).
4        A protected liberty interest may arise from either the Due Process Clause of the
5  United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an
6  expectation or interest created by state laws or policies." Wilkinson v. Austin,  545 U.S. 209,
7  221 (2005) (citations omitted); see also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987).
8  The United States Constitution does not, of its own force, create a protected liberty interest in a
9  parole date, even one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981);
10 Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or
11 inherent right of a convicted person to be conditionally released before the expiration of a valid
12 sentence.").  However, "a state's statutory scheme, if it uses mandatory language, 'creates a
13 presumption that parole release will be granted' when or unless certain designated findings are
14 made, and thereby gives rise to a constitutional liberty interest." Greenholtz, 442 U.S. at 12; see
15 also Allen, 482 U.S. at 376-78.
16       California's parole statutes give rise to a liberty interest in parole protected by the
17 federal due process clause.  Swarthout v. Cooke, 562 U.S. ___ (2011), No. 10-333, 2011 WL
18 197627, at *2 (Jan. 24, 2011).  In California, a prisoner is entitled to release on parole unless
19 there is "some evidence" of his or her current dangerousness.  In re Lawrence, 44 Cal.4th 1181,
20 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).  However, in
21 Swarthout the United States Supreme Court held that "[n]o opinion of [theirs] supports
22 converting California's 'some evidence' rule into a substantive federal requirement." Swarthout,
23 2011 WL 197627, at *3.  In other words, the Court specifically rejected the notion that there can
24 be a valid claim under the Fourteenth Amendment for insufficiency of evidence presented at a
25 parole proceeding.  Id. at *3.  Rather, the protection afforded by the federal due process clause to
26 California parole decisions consists solely of  the "minimal" procedural requirements set forth in

Greenholtz, specifically "an opportunity to be heard and . . . a statement of the reasons why parole was denied." Swarthout, at *2-3.

Here, the record reflects that petitioner was present at the 2006 parole hearing, that he participated in the hearing, and that he was provided with the reasons for the Board's decision to deny parole. (Dkt. No. 14-4 at 61-110.) According to the United States Supreme Court, the federal due process clause requires no more. Accordingly, this claim should be denied.

### B. Untimely Parole Hearing

In his fourth claim, petitioner alleges the 2006 Board hearing was invalid because petitioner's term of imprisonment expired on June 16, 2006, when his presumptive release date passed without a subsequent parole consideration hearing being conducted. Petitioner claims the Board's violation of the mandatory time frame contained in California Penal Code § 3041.5(b) invalidates the denial of parole at the 2006 hearing. Petitioner argues that the Board's failure to timely conduct the parole hearing violated petitioner's due process rights. (Dkt. No. 1 at 51; 16 at 18.)

Respondent argues that this claim is not cognizable on federal habeas review because it is based solely on an alleged violation of state law.

There is no reasoned opinion from the state court addressing this claim.

Petitioner is not entitled to a release date until he has been found suitable for parole. See Connor v. Estelle, 981 F.2d 1032, 1033 (9th Cir.1992) (per curiam). Therefore, the Board's failure to set a date or to release petitioner when his parole hearing was not timely scheduled did not violate his due process rights. See id. at 1033-35.

Moreover, to the extent petitioner claims relief based on a violation of the California Penal Code, respondent is correct that federal habeas relief is not available for errors of state law. On January 24, 2011, the United States Supreme Court re-emphasized this doctrine:

> The habeas statute "unambiguously provides that a federal court

may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" Wilson v. Corcoran, 562 U.S. ----, ----, 131 S.Ct. 13, 15, 178 L.Ed.2d 276 (2010) (per curiam) (quoting 28 U.S.C. § 2254(a)). "We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" Estelle v. McGuire, 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990)).

Swarthout, 2011 WL 197627, at *2. Although California's parole statutes give rise to a liberty interest in parole protected by the federal due process clause, the protection afforded by the federal due process clause to California parole decisions consists solely of the "minimal" procedural requirements set forth in Greenholtz, 442 U.S. at 12. Swarthout, at *2-3. As noted above, petitioner was provided the process he was due. Therefore, petitioner's fourth claim should also be denied.[2]

IV.   Conclusion

For all of the above reasons, the undersigned recommends that petitioner's application for a writ of habeas corpus be denied. If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-

---

[2] Petitioner requests an evidentiary hearing on his claims. (Dkt. No. 16 at 30.) To obtain an evidentiary hearing, a petitioner is "required to allege specific facts which, if true, would entitle him to relief." Ortiz v. Stewart, 149 F.3d 923, 934 (9th Cir. 1998) (internal quotation marks and citation omitted). The court concludes that no additional factual supplementation is necessary in this case and that an evidentiary hearing is not appropriate with respect to the claims raised in the instant petition. The facts alleged in support of these claims, even if established at a hearing, would not entitle petitioner to federal habeas relief. Therefore, petitioner's request for an evidentiary hearing should be denied.

1  one days after being served with these findings and recommendations, any party may file written
2  objections with the court and serve a copy on all parties.  Such a document should be captioned
3  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
4  objections shall be filed and served within fourteen days after service of the objections.  The
5  parties are advised that failure to file objections within the specified time may waive the right to
6  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
7  DATED:  January 28, 2011

```
                              _____
                              KENDALL J. NEWMAN
                              UNITED STATES MAGISTRATE JUDGE
```

gui0329.157